IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON T. GARY, #171921,      ) | |
|     ) | |
|   Plaintiff,      ) | |
|     ) | |
| v.      ) | Case No. 2:17-cv-706-WHA-SMD |
|     ) | [WO] |
| LEON BOLLING and      ) | |
| STEVEN T. MARSHALL,      ) | |
|     ) | |
|   Defendants.      ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Alabama inmate Shannon T. Gary's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Gary challenges his 2013 Pike County convictions for trafficking cocaine and first-degree possession of marijuana. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Gary's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.   PROCEDURAL HISTORY**

    **A.   State Criminal Conviction**

In September 2013, a Pike County jury convicted Gary of trafficking in cocaine in violation of ALA. CODE § 13A-12-231(2) and first-degree possession of marijuana in violation of ALA. CODE § 13A-12-213. Doc. 9-3 at 89. The trial court sentenced Gary as a habitual felony offender to life in prison without parole for his trafficking conviction and to a concurrent term of 15 years in prison for his marijuana-possession conviction. *Id.* at 116.

Gary appealed, arguing that: (1) the trial court erred when it denied his motion for judgment of acquittal challenging the sufficiency of the State's evidence; (2) the trial court erred by denying his motion to suppress a photograph, obtained from a search of a cell phone, showing him holding a large amount of cash; (3) the photograph from the cell phone was "evidence of a similar crime or collateral act" and was improperly admitted in evidence; and (4) the trial court erred by allowing two State witnesses to testify that Gary's codefendant had been tried and convicted of the same crimes. Doc. 9-4.

On July 11, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Gary's convictions and sentence. Doc. 9-7. Gary applied for rehearing, pursuing his claims that: (1) the State's evidence was insufficient to sustain his convictions, and (2) the photograph obtained from a search of the cell phone was improperly admitted in evidence. Doc. 9-8. The Alabama Court of Criminal Appeals overruled the application for rehearing on August 1, 2014. Doc. 9-9. Gary then filed a petition for writ of certiorari with the Alabama Supreme Court asserting that: (1) the State's evidence was insufficient, and (2) the search of the cell phone was illegal in light of *Riley v. California*, 573 U.S. 373 (2014). Doc. 9-10. The Alabama Supreme Court denied Gary's petition for writ of certiorari on September 12, 2014. Doc. 9-11.

### B.   State Post-Conviction Proceedings

On December 30, 2014, Gary filed a *pro se* petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition"). Doc. 9-13 at 20. In his Rule 32 petition, Gary raised numerous claims of ineffective assistance of trial counsel. *Id*. at 22–44. Gary requested that the trial court appoint him counsel, which

2

the court granted. *Id.* at 69. The appointed counsel amended Gary's Rule 32 petition to assert two additional claims: (1) Gary's counsel on direct appeal was ineffective for failing to file a "follow-up" brief arguing that the warrantless search of the cell phone violated the Fourth Amendment in light of the Supreme Court's holding in *Riley v. California*, 573 U.S. 373 (2014), which was decided while Gary's appeal was pending; and (2) Gary's trial counsel was ineffective for failing to request a jury instruction on the corroboration of accomplice testimony. *Id*. at 72–77, 86–89.

Gary also moved for an evidentiary hearing, which the trial court granted. Doc. 9-13 at 78, 84. The evidentiary hearing was held on April 21, 2016. *Id.* at 128–90. On August 3, 2016, the trial court entered a detailed order addressing each of Gary's ineffective-assistance-of-counsel claims. *Id*. at 107-17. The trial court found Gary failed to meet his burden of showing that either his trial or appellate counsel's representation fell below the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the court denied Gary's Rule 32 petition. *Id*. at 116.

Gary appealed the denial of his Rule 32 petition. In his brief filed with the Alabama Court of Criminal Appeals, Gary raised one issue, specifically, that his counsel on direct appeal was ineffective for failing to file a "follow-up" brief arguing that, in light of the Supreme Court's decision in *Riley v. California*, the warrantless search of the cell phone seized during the search of the residence violated the Fourth Amendment. *See* Doc. 9-14 at 4.

On March 17, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition. Doc. 9-17. Gary

3

applied for rehearing, which was overruled on April 14, 2017. Docs. 9-18, 9-19. Gary filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 7, 2017. Docs. 9-20, 9-21

    **C.**    **Federal Habeas Petition**

Gary filed this § 2254 petition on October 13, 2017. Doc. 1. His § 2254 petition asserts the following claims:

1. Trial counsel was ineffective for failing to move to suppress the evidence on grounds that the search warrant and affidavit did not establish probable cause.

2. Trial counsel was ineffective for failing to move to suppress the evidence on grounds the return on the search warrant was not signed and notarized.

3. Trial counsel was ineffective for failing to argue Gary's trafficking offense was subject to sentencing under the sentencing guidelines rather than Alabama's Habitual Felony Offender Act.

4. Trial counsel was ineffective for failing to object to testimony from a police officer that violated Gary's right to remain silent after being Mirandized.

5. Trial counsel was ineffective for failing to present an effective argument, based on controlling law, seeking suppression of the cell phone evidence and photograph found during a search of the residence.

6. Counsel on appeal was ineffective for failing to file a "follow-up" brief arguing that, in light of the Supreme Court's decision in *Riley v. California*, the search of the cell phone without a warrant violated the Fourth Amendment.

7. Trial counsel was ineffective for failing to request a continuance when counsel was under the influence of pain medication at the time of trial.

8. Trial counsel was ineffective for failing to request a continuance when one of his witnesses did not show up for trial.

    9.    Trial counsel was ineffective for failing to move for a mistral after an assistant district attorney and an investigating officer sat outside the jury room during deliberations and shouted, "He's guilty."

    10.    Trial counsel and appellate counsel were ineffective for failing to argue they were improperly appointed as Gary's counsel because the documents appointing them were not notarized.

    11.    Trial counsel was ineffective for failing to make a *Batson* motion or to present a challenge to the State's reasons for its peremptory strikes against prospective jurors.

    12.    Trial counsel was ineffective for failing to request a jury instruction on the corroboration of accomplice testimony.

Doc. 1 at 12–42.

In their answer to Gary's § 2254 petition, Respondents argue that all but one of Gary's claims of ineffective assistance of counsel are unexhausted and procedurally defaulted because, while Gary presented the ineffective-assistance claims in his Rule 32 petition, he pursued only one of these claims in his appeal from the denial of the Rule 32 petition and a state-court remedy is no longer available on the claims not pursued by Gary. Doc. 9 at 7–10, 21.

Respondents argue that the only claim Gary has not defaulted is his claim that his counsel on direct appeal was ineffective for failing to file a "follow-up" brief arguing that, in light of the holding in *Riley v. California*, the search of the cell phone without a warrant violated the Fourth Amendment. Doc. 9 at 5, 16–17. However, Respondents argue that this claim was correctly rejected by the state courts and that the state court decision denying relief on the claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Doc. 9 at 10–14, 16–17.

## II.   DISCUSSION

### A.   Procedurally Defaulted Claims

As noted above, Respondents argue that all but one of Gary's claims of ineffective assistance of counsel are unexhausted and procedurally defaulted for purposes of federal habeas review. *See* Doc. 9 at 7–10, 21.

#### 1.   *Exhaustion*

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See, e.g.*, 28 U.S.C. §§ 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See, e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); ALA. R. APP. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Habeas claims not properly exhausted in the state courts are procedurally

6

defaulted if presentation of the claims in state court would be barred by state procedural rules. *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2. *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice,[1] or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence.[2] "Cause" for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488. Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

### 3. *Gary's Procedurally Defaulted Claims are Barred from Review.*

Respondents argue that the following claims of ineffective assistance of counsel in Gary's § 2254 petition are subject to no further review in this habeas proceeding:

- Trial counsel was ineffective for failing to move to suppress the evidence on grounds that the search warrant and affidavit did not establish probable cause. (Doc. 1 at 12–13; Doc. 9-13 at 22–23.)

---

[1] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[2] *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

- Trial counsel was ineffective for failing to move to suppress the evidence on grounds the return on the search warrant was not signed and notarized.  (Doc. 1 at 14–15; Doc. 9-13 at 24–25.)

- Trial counsel was ineffective for failing to argue Gary's trafficking offense was subject to sentencing under the sentencing guidelines rather than Alabama's Habitual Felony Offender Act.  (Doc. 1 at 16–17; Doc. 9-13 at 26–27.)

- Trial counsel was ineffective for failing to object to testimony from a police officer that violated Gary's right to remain silent after being Mirandized.  (Doc. 1 at 18–19; Doc. 9-13 at 28–29.)

- Trial counsel was ineffective for failing to present an effective argument, based on controlling law, seeking suppression of the cell phone evidence and photograph found during a search of the residence.  (Doc. 1 at 20–22; Doc. 9-13 at 30–32.)

- Trial counsel was ineffective for failing to request a continuance when counsel was under the influence of pain medication at the time of trial.  (Doc. 1 at 18–29; Doc. 9-13 at 35–36.)

- Trial counsel was ineffective for failing to request a continuance when a witness did not show up for trial.  (Doc. 1 at 30–31; Doc. 9-13 at 37–38.)

- Trial counsel was ineffective for failing to move for a mistral after an assistant district attorney and an investigating officer sat outside the jury room during deliberations and shouted, "He's guilty."  (Doc. 1 at 32–33; Doc. 9-13 at 39–40.)

- Trial counsel and appellate counsel were ineffective for failing to argue they were improperly appointed as Gary's counsel because the documents appointing them were not notarized.  (Doc. 1 at 34–35; Doc. 9-13 at 41–42.)

- Trial counsel was ineffective for failing to make a *Batson* motion or to present a challenge to the State's reasons for its peremptory strikes against prospective jurors.  (Doc. 1 at 36–37; Doc. 9-13 at 43–44.)

- Trial counsel was ineffective for failing to request a jury instruction on the corroboration of accomplice testimony. (Doc. 1 at 39–42; Doc. 9-13 at 86–89.)

Respondents maintain that, while each of these claims was raised in Gary's Rule 32 petition, these claims are unexhausted and procedurally defaulted.

The undersigned finds that these claims are unexhausted. None of these claims were submitted to a complete round of Alabama's established appellate review for Rule 32 petitions, which would include an appeal from the trial court's denial of the Rule 32 petition to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for a writ of certiorari filed in the Alabama Supreme Court. *See, e.g.*, *Pruitt*, 348 F.3d at 1359; *Smith*, 256 F.3d at 1140–41; ALA. R. APP. P. 39, 40. Gary cannot return to the state courts to exhaust these claims because it is now too late for him to pursue them in an appeal from the denial of his Rule 32 petition. Thus, the exhaustion and preclusion rules coalesce into the procedural default of these claim of ineffective assistance of counsel.

Moreover, Gary fails to establish "cause" to excuse procedural default of these claims. To the extent Gary appears to argue that the principles of *Martinez v. Ryan*, 566 U.S. 1 (2012), apply to excuse his procedural default,[3] he is incorrect. In *Martinez*, the Supreme Court held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that

---

[3] Doc. 1 at 11; Doc. 17 at 8.

9

proceeding was ineffective." *Martinez*, 562 U.S. at 17.[4] The *Martinez* Court's ruling is limited to claims of ineffective assistance of trial counsel in initial-review collateral proceedings. *Id*. at 15–17. *Martinez*, however, does not provide an avenue to federal habeas review of attorney errors in other proceedings; it does not apply to a claim of ineffective assistance of appellate counsel or to the default of a claim of ineffective assistance of trial counsel that occurs at any point other than in the initial-review collateral proceeding. *See Lambrix v. Sec'y, Fla. Dept. of Corrections*, 756 F.3d 1246, 1260 (11th Cir. 2014).

Here, Gary raised his claims of ineffective assistance of trial counsel in his Rule 32 petition. Gary did not pursue the claims when seeking appellate review of the denial of his Rule 32 petition. Gary's default of these claims did not occur at the level of the initial-review collateral proceeding, but rather at the level of his appeal from the denial of his post-conviction petition. *Martinez* therefore does not apply to Gary's defaulted claims of ineffective assistance of counsel. Accordingly, Gary's claims are procedurally defaulted and foreclosed from federal habeas review.

---

[4] To demonstrate cause in circumstances where *Martinez* apply, a petitioner must establish: (1) a substantial claim of ineffective assistance of trial counsel; (2) the cause for failing to exhaust the claim is ineffective post-conviction counsel or no post-conviction counsel in the initial-review collateral proceeding; (3) the state collateral proceeding was the initial opportunity to review the claim regarding trial counsel's performance; and (4) applicable state law requires, either by law or as a practical matter, that ineffective assistance of trial counsel claims be raised in the initial post-conviction proceeding. *See, e.g.*, *Trevino v. Thaler*, 569 U.S. 413, 423 (2013); *Martinez*, 562 U.S. at 13–18. If a petitioner can establish cause under *Martinez*, he still must establish prejudice as a result of the defaulted ineffective-assistance-of-trial-counsel claim—i.e., but for the error, there is a reasonable probability that the result of the proceeding would have been different. *See, e.g.*, *Martinez*, 562 U.S. at 18; *Trevino*, 569 U.S. at. 429.

### B.   Claim Adjudicated on the Merits by State Court

In his § 2254 petition, as in his Rule 32 petition, Gary claims that his counsel on direct appeal was ineffective for failing to file a "follow-up" brief arguing that the warrantless search of the cell phone violated the Fourth Amendment in light of the Supreme Court's holding in *Riley v. California*, 573 U.S. 373 (2014). Doc. 1 at 22–27. Respondents answer that this claim was correctly rejected by the state courts and that the state court decision denying relief on the claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Doc. 9 at 10–14, 16–17.

#### 1.   *AEDPA Standard of Review for Claims Adjudicated on the Merits*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to limit "the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010). The AEDPA modified a federal court's role in reviewing state prisoner habeas applications to prevent "federal habeas 'retrials'" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus shall be granted only if the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

11

28 U.S.C. § 2254(d). A state court decision is contrary to federal law "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694.

Under the unreasonable application standard, a federal court may grant a writ only if the state court identified the correct governing federal legal principle, but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411–13 (2000). Objectively unreasonable means something more than an erroneous or incorrect application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

The Supreme Court has held that "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). A federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

As for the "unreasonable determination of the facts" prong under § 2254(d)(2), a federal court "may not characterize these state-court factual determinations as unreasonable" simply because it would have reached a different conclusion in the first instance. *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015). Factual-issue determinations made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. *Analysis of Gary's Claim that Appellate Counsel was Ineffective*

#### a. **Background**

On March 9, 2012, officers with the Troy Police Department executed a search warrant at a house in Troy. Doc. 9-7 at 2. Inside the house, officers found six individuals, one of whom was Gary. *Id.* During the search of the house, officers recovered approximately 55 grams of cocaine and 27 grams of marijuana. *Id.* at 3. They also found a nine-millimeter pistol, items of drug paraphernalia, and a cellphone. *Id.* When questioned, none of the individuals in the house claimed ownership of the cell phone. *Id.* In an attempt to determine who owned the cell phone, Officer Eric Ernsberger searched the cell phone and discovered a photograph of Gary holding a large amount of cash. *Id.*

#### b. **Suppression issue at trial and on direct appeal**

Before trial, Gary moved to suppress the photograph obtained from the cell phone. Doc. 9-1 at 78–81. After a suppression hearing, the trial court denied Gary's motion to suppress the photograph. Doc. 9-2 at 17–31; Doc. 9-1 at 103. On direct appeal, Gary argued that the trial court erred in denying his motion to suppress the photograph. Doc. 9–4. Specifically, Gary argued that the warrantless search of the contents of the cell

13

phone violated his Fourth Amendment rights. *Id.* at 29–38. The Alabama Court of Criminal Appeals rejected Gary's argument, finding Gary did not have standing to challenge the warrantless search of the cell phone. Doc. 9-7 at 14–15.

### c. Rule 32 petition and ineffective-assistance claim

When proceeding *pro se* with his Rule 32 petition filed in December 2014, Gary argued that, during the pendency of his direct appeal, the United States Supreme Court decided *Riley v. California*, 573 U.S. 373 (2014), substantially changing Fourth Amendment law relating to searches of the contents of cellular telephones. Doc. 1 at 22–27. In *Riley*, decided June 25, 2014, the Supreme Court held that the warrantless search and seizure of the digital contents of a cell phone during an arrest is unconstitutional under the Fourth Amendment. 573 U.S. at 393–94. Gary argued that, in light of *Riley*, the trial court erred when denying his pretrial motion to suppress the photograph obtained from the cell phone, because the cell phone was searched without law enforcement having obtained a warrant. Doc. 1 at 22–27.

After the trial court appointed counsel for Gary in the Rule 32 proceedings, Gary's Rule 32 counsel filed a brief supporting Gary's petition, in which counsel alleged that Gary's federal and state constitutional rights were violated:

> The Trial Court's decision to allow in evidence acquired from [Gary's] cell phone violate[d] his rights and as a result the Alabama Criminal Court of Appeals' decision from July 11, 2014 (based in part that [Gary] had no right to privacy on the cell phone) did not consider *Riley v. California* (U.S. 2014), leading to a wrongfully upheld conviction based on evidence entered at trial seized without a search warrant.

Doc. 9-13 at 72. Gary's Rule 32 counsel later filed an amendment to the Rule 32 petition adding the claim that Gary's counsel on direct appeal rendered ineffective assistance of counsel by failing to file a "follow-up" brief arguing that the Supreme Court's holding in *Riley*, which was decided when Gary's appeal was pending, supported Gary's claim that the warrantless search of the cell phone violated his Fourth Amendment rights. Doc. 9-13 at 86–89.

Gary testified at the evidentiary hearing on his Rule 32 petition and maintained he was, in fact, the owner of the cell phone and that he had previously disclaimed ownership of the cell phone because he did not "have to be compelled to be a witness against [himself], so [he] chose to remain silent." Doc. 9-13 at 185.

Although Gary's appellate counsel, Toni Braxton, did not testify at the evidentiary hearing, the trial court allowed Gary to submit Braxton's affidavit in lieu of her testimony. In her affidavit, Braxton explained why she did not file a "follow-up" brief with the Alabama Court of Criminal Appeals raising the *Riley* decision. Specifically, Braxton explained:

> I made a professional decision, based on my education and experience as an attorney, that it was unnecessary to cite the ruling in *Riley v. California*, either in a supplemental brief on appeal, or in the petition for rehearing. The primary reason I did not do so was the fact that the Supreme Court did not address the issue of "standing," which in my opinion was a principal issue in Mr. Gary's case.

Doc. 9-13 at 102. Braxton further stated that, because the Alabama Court of Criminal Appeals' memorandum affirming Gary's conviction and sentence "did not distinguish the

15

holding in *Riley v. California* from this case, . . . it [was] not clear to [her] that the Court considered the holding in *Riley v. California*." *Id*.

In its order denying Gary's Rule 32 petition, the trial court addressed Gary's arguments regarding the admission at trial of the cell phone evidence and his appellate counsel's decision not to raise the Supreme Court's *Riley* decision in a "follow-up" brief:

> Immediately prior to trial, [Gary's trial counsel] also made (and/or renewed) a motion to suppress his photograph downloaded from the cellular telephone seized during the premises search. Gary was not in actual physical possession of the phone and no one ever claimed its ownership. In fact, Gary disavowed the latter. The court determined that Gary failed to show any standing to challenge the search/seizure, as he produced no evidence showing he had a reasonable expectation of privacy in the phone or its contents. This issue was presented on appeal and the Court of Criminal Appeals found that this court did not err in its denial of the motion to suppress. In her affidavit, Ms. Braxton explains in detail the exercise of her professional judgment in handling this issue on appeal. Accordingly, claim "V" (involving trial counsel) and the related claim "XI: in the "Two Amendments to the Rule 32 Petition" (involving appellate counsel) are without merit.

Doc. 9-13 at 112. Gary pursued this claim of ineffective assistance of appellate counsel in his appeal from the denial of his Rule 32 petition, and he presents this same claim in the § 2254 petition before this Court.

### d. Standard for claims of ineffective assistance of counsel

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance is highly deferential, and a court indulges a strong presumption that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.

16

2000) (internal quotation marks omitted).  A court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied.  *Strickland*, 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker . . . ." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).  The general rule is that the presumption of effective assistance of counsel will be overcome only when ignored issues are clearly stronger than those presented.  *Id.*

17

      **e.**   **Decision by Alabama Court of Criminal Appeals**

In Gary's Rule 32 appeal, the Alabama Court of Criminal Appeals addressed at length Gary's claim that his counsel on direct appeal was ineffective for failing to file a "follow-up" brief arguing that the warrantless search of the cell phone violated the Fourth Amendment under *Riley v. California*. The Alabama Court of Criminal Appeals rejected Gary's claim of ineffective assistance of appellate counsel on several grounds: (1) appellate counsel was not obligated to file a "follow-up" brief under the Alabama Rules of Appellate Procedure in effect during Gary's appeal and could not be deemed ineffective for failing to predict the later changes in ALA. R. APP. P. 28B; (2) the *Riley* decision did not apply to Gary's case because he did not establish that he had standing to challenge the cell phone search at trial; and (3) at the time of the search, controlling state and federal law permitted the warrantless search of the contents of a cell phone, and because the exclusionary rule does not apply to searches conducted under then-binding appellate precedent, even if that precedent is later overruled, a "follow-up" brief arguing that *Riley* rendered the cell phone search unlawful under the Fourth Amendment would not have obtained relief for Gary. Doc. 9-17 at 10–13.

The undersigned finds no error in the state court's denial of Gary's claim of ineffective assistance of appellate counsel. "It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013). Counsel cannot be ineffective for failing to raise a futile Fourth Amendment challenge to a search. *United States v. Gordon*, 722 F. App'x 931, 933 (11th Cir. 2018). Where a search is conducted in

objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply. *United States v. Smith*, 741 F.3d 1211, 1221 (11th Cir. 2013). Counsel is not ineffective for failing to pursue a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

Here, Gary does not demonstrate deficient performance by his appellate counsel or any resulting prejudice. As such, the state court decision rejecting Gary's claim that appellate counsel rendered ineffective assistance was neither contrary to, nor an unreasonable application of, clearly established federal law. Neither did the state court's decision involve an unreasonable determination of the facts in light of the evidence presented. Accordingly, Gary is not entitled to habeas relief on this claim.[5]

## III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Gary's § 2254 petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[5] Gary's § 2254 arguments are not always a model of clarity. There are suggestions in some of his arguments that he may be continuing to pursue habeas relief on a substantive claim (in addition to his ineffective-assistance claim) that the cell phone search violated the Fourth Amendment. However, any substantive Fourth Amendment claim is barred under the rule of *Stone v. Powell*, 428 U.S. 465 (1976). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). This rule applies to all claims arising under the Fourth Amendment. *See Cardwell v. Taylor*, 461 U.S. 571, 572 (1986). Gary was afforded an evidentiary hearing in the trial court on his motion to suppress, after which the trial court entered an order denying the motion. On direct appeal, the Alabama Court of Criminal Appeals rejected Gary's claim that his motion to suppress should have been granted. This was followed by Gary's application for discretionary review by the Alabama Supreme Court. The merits of Gary's cell phone search claim were also fully litigated in the Rule 32 proceedings. For purposes of *Stone*, then, Gary clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts. Under the principle set forth by the Supreme Court in *Stone*, this court is precluded from reviewing the state courts' rulings rejecting Gary's Fourth Amendment claims.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 26, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of February, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE